```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION

BARRY PRICE,                    )
                                )
     Plaintiff,                 )
                                )
vs.                             )    CV-99-BU-1928-S
                                )
USX CORPORATION,                )
                                )
     Defendant.                 )
```

FILED 00 JUN 28 PM 3:39 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUN 28 2000

## MEMORANDUM OPINION

This case is presently pending before the Court on Motion for Summary Judgment, filed by Defendant USX Corporation. (Doc. 17) For the reasons set forth below, Defendant's Motion for Summary Judgment is due to be granted.

Plaintiff sued Defendant alleging that he had been denied promotions on the basis of his race; his Complaint states, "While employed by [D]efendant, [P]laintiff was discriminated against on the basis of his race, African American. Plaintiff has been denied promotions on numerous occasions, and has been denied other promotions, all on the basis of his race. White employees were not treated in a similar fashion. The actions of [D]efendant[ ] were taken with malice or reckless indifference to the federally protected rights of [P]laintiff." (Doc. 1, ¶ 8) In his brief, Plaintiff complains about not being promoted numerous times to the order tracer position or to the temporary assignment of team

30

leader.[1] (Doc. 27, p. 34) Defendant moved for summary judgment on the grounds that some of Plaintiff's claims are time barred, that Plaintiff cannot show any similarly situated white employee was treated more favorably, and that Plaintiff cannot demonstrate that Defendant's articulated reasons for not promoting him were pretext.

As set forth below, the Court finds that Plaintiff has not demonstrated a disputed issue of material fact as to whether Defendant's articulated reasons were pretext. Therefore, discussion of the remaining issues raised in Defendant's Motion for Summary are pretermitted.

### A. SUMMARY JUDGMENT STANDARD

Summary judgment provides the parties an opportunity to test the mettle of a case before it ever reaches trial. On a motion for summary judgment, the court assesses all of the proof the parties bring to bear in order to ascertain whether there is a genuine need for a trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)(quoting Advisory Committee Note to 1963 Amendment to Fed. R. Civ. P. 56(e)). Summary judgment is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*,

---

[1] Plaintiff also asserts, in his brief, a pattern-or-practice claim apparently related to promotions as well as other employment actions. However, Plaintiff's Complaint is clearly limited to individual promotion claims. Neither the Complaint nor Plaintiff's EEOC charge contain allegations of systemic or classwide disparate treatment. Plaintiff did not move to amend his Complaint within the time set by the Court's Scheduling Order, raising such claims for the first time in his opposition to Defendant's Motion for Summary Judgment. As these claims are not properly before the Court, they will not be considered or discussed herein.

477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

A party seeking summary judgment has the initial responsibility of informing this court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party's burden is not meager; it must illuminate for the court the reasons why the nonmoving party cannot or does not raise a genuine issue of material fact sufficient to support a trial. *Id*. The moving party's burden was set forth in *Clark* as follows:

> The moving party bears the initial burden to show the district court, **by reference to materials on file**, that there are no genuine issues of material fact that should be decided at trial. **Only** when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Celotex* did not change the general rule. *Celotex* simply holds that under certain circumstances the movant may meet its Rule 56 burden without negating an element of the non-moving party's claim and that under such circumstances it is sufficient to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden. **Even after Celotex it is never enough to simply state that the non-moving party cannot meet its burden at trial**.

*Id*. (citing *Celotex*, 477 U.S. at 323-25, 106 S. Ct. 2553-54)(emphasis added)[2]

---

[2]The Eleventh Circuit recognized that *Celotex* created "an exception to the *Adickes* rule for [an] uncommon situation," i.e., "when neither party could prove either the affirmative or the negative of an essential element of the claim." *Clark*, 929 F.2d at 607, 608. In this "uncommon situation," the *Celotex* exception allows a moving party to carry its burden by showing or "pointing out," by reference to record, that the non-moving party cannot prove its claim. *Id*. at 607. Obviously, this case does not fall into the "uncommon situation" addressed in *Celotex*. *See* Def. Brief, p. 14.

Once the moving party has satisfied this initial burden, however, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(e)); *see Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). However, "Rule 56 . . . does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *see also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."), *cert. denied sub nom.*, 516 U.S. 817, 116 S. Ct. 74, 133 L. Ed. 2d 33 (1995).

In resolving whether a given factual dispute requires submission to a jury, the court must inspect the presented evidence through the looking glass of each party's substantive evidentiary burden. *Anderson*, 477 U.S. at 254-55, 106 S. Ct. at 513. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried. The Court must avoid weighing

conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). At the same time, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (citing *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

B.  DISCUSSION

1.  PROMOTION TO ORDER TRACER POSITIONS

The evidence is undisputed that Plaintiff signed a waiver for promotion to the order tracer position. This waiver states on its face that it can be revoked only in writing. The parties do not dispute that Plaintiff never revoked the waiver in writing. Defendant contends that Plaintiff was not promoted because of the waiver. Plaintiff, however, argues that he orally revoked his waiver and that, in practice, Defendant allows such oral revocation of promotion waivers, despite the plain language to the contrary on the form.

The only evidence cited by Plaintiff in support of his assertion regarding this alleged policy is his affidavit, in which he states, "I subsequently revoked that waiver orally with my supervisor. Although the waivers themselves state that a revocation must be in writing, it has always been common practice at USX to accept oral revocations." (Doc. 24, Exh. 2 ¶ 7) This conclusory statement regarding Defendant's practice of accepting oral revocations of written waivers is not supported by any other evidence in the record. Particularly, there is a complete lack of any evidence of oral revocations of promotion waivers by other employees -- white or black. Plaintiff's bare assertion is simply not

"substantial"[3] evidence that -- despite the clear written language on the face of the waiver -- Defendant had an unwritten policy of allowing oral revocation of written waivers.

Plaintiff has failed to demonstrate that Defendant's articulated reason for not promoting him to the position of order tracer was a pretext for race discrimination. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). Defendant's motion for Summary Judgment as to Plaintiff's promotion claims related to the position of order tracer is due to be granted and such claims are due to be dismissed.

### 2. TEMPORARY PROMOTION TO TEAM LEADER

Plaintiff complains "about the failure to [promote] him to temporary assignments to Team Leader position." (Doc. 27, p. 34) Defendant contends that such temporary assignments are filled by "stepping up" the qualified individuals with the most seniority in the next lower position on the particular shift and crew with the vacancy. It argues that it Plaintiff was not stepped up because he did not have the most seniority among the qualified individual on the particular shift and crew. Plaintiff does not dispute that he was not stepped up because he was on a different shift and different crew than the vacancy, or that he was away from work at the time of the vacancy in the team leader position. *Compare* Defendant's Statement of Facts (Doc. 18), pp. 9-11, nn. 74, 81, 84-86 *with*

---

[3] [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

Plaintiff's Response to Defendant's Statement of Facts (Doc. 27), ¶¶ 74, 81, 84-86.

Plaintiff attempts to show that Defendant's articulated reasons for not promoting him to temporary team leader are pretext because Defendant did not always follow the seniority rules, citing as examples his own promotion to temporary assignment as a team leader after he threatened to go to the EEOC and the promotion of a white male to the position of stock helper -- not team leader -- without posting the vacancy. This evidence is insufficient to demonstrate a disputed issue of fact as to whether Defendant's articulated reasons are a pretext for race discrimination. Plaintiff does not dispute that he was not the most senior employee eligible for the assignment and he does not identify any white employee that was stepped up in contradiction to these rules. He admits that the only comparator identified for these positions, Terry McGill, worked D-Crew and Plaintiff, at the time, worked A-Crew. The step ups were on D-Crew. Plaintiff's subsequent step up, outside the rules, is hardly evidence of less favorable treatment on the basis of his race. Moreover, the failure to post a permanent promotion opportunity to the position of stock helper is simply not relevant to showing that the Defendant's articulated reasons offered for promotion decisions related to temporary assignments to team leader are unworthy of credence.

Plaintiff has failed to demonstrate that Defendant's articulated reason for not promoting him to the position of temporary team leader was a pretext. See Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997). Defendant's Motion for Summary Judgment as to Plaintiff promotion claims related to the position of temporary team leader is due to be granted and such claims are due to be dismissed.

C.  CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is due to be granted. The Court finds no existing material issue of triable fact as to the claims nullified by grant of summary judgment in favor of Defendant. The Court will enter an Order contemporaneously herewith in accordance with this Memorandum Opinion.

DONE this 28th day of June, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE